UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOHEMY VASQUEZ,

            Plaintiff,

vs.	Case No. 2:06-cv-520-FtM-29DNF

SAN GIUSEPPE, INC., a Florida corporation, and ANNA CATALANO,

            Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' Motion to Dismiss the Complaint (Doc. #9), filed on November 10, 2006. Plaintiff was provided an extension of time until December 11, 2006, to file a response, however, no response was filed. The matter is therefore ripe for review.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). Dismissal is warranted "only if it appears beyond doubt that the allegations in the complaint, when

viewed in the light most favorable to the plaintiff, do not state a claim upon which relief can be granted." Grippo v. Perazzo, 357 F.3d 1218, 1222 (11th Cir. 2004).

**II.**

The Complaint (Doc. #1) seeks relief pursuant to the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.* to recover unpaid back wages and other relief including damages. Taking all allegations as true at this stage of the proceedings, plaintiff was employed by defendant employers from November 7, 2000, through May 9, 2006, as a dishwasher and subsequently as an assistant to the cook. Defendant San Giuseppe, Inc. is a corporation with an annual gross volume of sales of not less than $500,000.00, and at least two employees engaged in interstate commerce. Defendant Catalano was and is an employer within the meaning of the FLSA. Defendants, collectively, were and at all times material, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA. Plaintiff worked many workweeks longer than 40 hours and was not provided overtime compensation at the rate of not less than one and one-half times the regular rate, but was paid cash at the regular rate for any hours exceeding the forty hour workweek.

Upon review, the Court finds that the Complaint complies with Federal Rule of Civil Procedure 8 by providing defendants fair

notice of the allegations against them through a short, plain statement of the claims.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss the Complaint (Doc. #9) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of December, 2006.

```
                              _____
                              JOHN E. STEELE
                              United States District Judge
```

Copies:
Counsel of record